IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| FRANK MCKENZIE,<br><br>             Plaintiff,<br>     v.<br><br>GEORGIA-PACIFIC LLC, a Delaware limited liability company,<br><br>             Defendant. | Case No.: 3:25-cv-01296-AN<br><br><br>OPINION AND ORDER |

Plaintiff Frank McKenzie was injured on September 21, 2023, while working at the Halsey Mill in Halsey, Oregon.  The Halsey Mill is owned and operated by Georgia-Pacific Consumer Products, LP ("GP Consumer Products"), which itself is a subsidiary of defendant Georgia-Pacific LLC ("GP LLC").  GP LLC has moved for summary judgment, arguing primarily that it is immune from suit under the Oregon Workers Compensation Act and that it is not subject to premises liability.  Plaintiff's response to that motion is due on July 16, 2026.  However, plaintiff argues that his response efforts have been hampered by GP LLC's refusal to produce certain discovery.  Plaintiff has therefore moved to compel GP LLC to produce four sets of documents: (1) GP LLC's safety compliance standards; (2) results from a specified search of GP LLC's incident database; (3) a list identifying GP LLC's executives, officers, and employees responsible for overseeing Halsey Mill's safety programs; and (4) a privilege log.  After reviewing the parties' filings, the Court finds that oral argument will not help resolve this matter.  *See* Local R. 7-1(d).  For the reasons described below, plaintiff's motion to compel is GRANTED in part and DENIED in part.

## LEGAL STANDARD

Federal Rule of Civil Procedure 26(b)(1) limits the scope of discovery as follows:

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Information within this scope of discovery need not

be admissible in evidence to be discoverable.

District courts have "broad discretion" in determining whether information sought is relevant for discovery purposes. *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005). A court must limit discovery if it "is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive[,]" or if "the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C)(i), (iii). Ultimately, the threshold for establishing relevance is a low one. *See, e.g.*, *Nationstar Mortg., LLC v. Decker*, No. 3:13-cv-1793-PK, 2015 WL 519884, at *2 (D. Or. Feb. 9, 2015).

A party may move for an order compelling a discovery response under Rule 37. Fed. R. Civ. P. 37(a)(3)(B). The movant has the initial burden of demonstrating the relevance of the discovery sought, and the burden then shifts to the party opposing discovery to demonstrate why it should not be permitted. *United States v. McGraw-Hill Cos.*, No. CV 13-779-DOC (JCGx), 2014 WL 1647385, at *8 (C.D. Cal. Apr. 15, 2014).

## BACKGROUND

On September 21, 2023, plaintiff sustained an injury while working at the Halsey Mill. Compl., ECF 1-1, ¶ 2. At the time, plaintiff was servicing a "yankee dryer" from a catwalk located within the facility. *Id.* As plaintiff descended the stairs down from the catwalk, the railing collapsed, and plaintiff fell approximately four feet to the ground, causing numerous injuries to plaintiff's shoulder, arm, and knee. *Id.* ¶¶ 2-3.

On June 20, 2025, plaintiff sued GP Consumer Products and GP LLC in Multnomah County Circuit Court for violations of Oregon's Employer Liability Law ("ELL") and negligence based on premises liability. *Id.* at 3-5. GP Consumer Products and GP LLC removed the action to federal court on July 22, 2025, ECF 1. The Court entered a scheduling order on March 11, 2026, ECF 14, which provides that fact discovery closes on June 11, 2026; and that dispositive motions regarding workers' compensation immunity are due June 25, with responses due July 16 and replies due July 30. On March 12, 2026, the parties stipulated to the dismissal of GP Consumer Products, ECF 15. GP LLC is therefore the only defendant

remaining.

On April 16, 2026, before the close of fact discovery, GP LLC moved for summary judgment, arguing that it is entitled to immunity under Oregon Revised Statutes ("ORS") § 656.018(3) and that it is not subject to premises liability because it does not own the Halsey Mill.  *See* GP LLC Mot. Summ. J. ("MSJ"), ECF 17, at 2-3.  ORS § 656.018(1) provides that employers who provide workers' compensation coverage are immune from certain workers' compensation lawsuits.  In relevant part, ORS § 656.018(3) extends that immunity to the "employees, partners, limited liability company members, general partners, limited liability partners, limited partners, [and] officers and directors of the employer."  As to ORS § 656.018(1), GP LLC argues that it is immune under on the following line of reasoning: (1)  the Halsey Mill is owned by GP Consumer Operations; (2) GP Consumer Operations is immune under the statute because it provides Halsey Mill employees with workers compensation coverage; and (3) GP LLC shares in that immunity because it is a limited liability company member of GP Consumer Operations—albeit, one in a long line of many.  *See* MSJ 6-11.  As to premises liability, GP LLC argues that GP Consumer Operations is the one and only owner of the Halsey Mill and that GP LLC therefore cannot be liable under Oregon law.  *Id.* at 12-13.

On April 27, 2026, plaintiff moved to compel GP LLC to produce certain documents.  Pl. Mot. Compel ("Pl. Mot."), ECF 23.  GP LLC responded in opposition on May 12, 2026.  GP LLC Resp. to Pl. Mot. ("GP LLC Resp."), ECF 27.  The motion is now ripe for ruling.  *See* Local R. 26-3(c).

## DISCUSSION

Plaintiff has moved to compel GP LLC to produce four categories of documents: (1) GP LLC's safety compliance standards; (2) results from a specified search of GP LLC's incident database; (3) a list identifying GP LLC's executives, officers, and employees responsible for overseeing Halsey Mill's safety programs; and (4) a privilege log.  *See* Pl. Mot. 5-8.  Each is discussed in turn below.

### A.    Safety Compliance Standards

Plaintiff's first request is for "compliance standards applicable to the Halsey Mill."  *Id.* at 5.  GP LLC previously produced the Fall Protection Standard, which mentions four other safety standards that GP

LLC has not produced: (1) the Contractor EHS Standard; (2) the Crane Suspected Baskets Standard; (3) the Lockout/Tagout Standard; and (4) the Implementation Plan Template.  *Id. at* 3, 5 (citing Confid. Decl. of Joe Piucci, ECF 25, Ex. 5 (Fall Protection Standard)).  Plaintiff argues that the unproduced safety standards are important to plaintiff's ELL claims because they help prove that GP LLC retained control of the Halsey Mill.  *Id.* at 5.  Plaintiff additionally argues that these documents show the capacity in which GP LLC operates at Halsey Mill.  *Id.* at 6.

GP LLC argues that these documents are irrelevant and unproportionate.  First, GP LLC argues that the Contractor EHS Standard is irrelevant because plaintiff was not a contractor.  GP LLC Resp. 5.  Second, GP LLC argues that the Crane Suspected Baskets Standard is irrelevant because plaintiff was not injured while working with a crane suspended basket.  *Id.*  Third, GP LLC likewise argues that the Lockout/Tagout Standard is irrelevant because plaintiff's injury did not involve a lockout or tagout.  *Id.* Fourth and finally, GP LLC argues that the Implementation Plan Template, although briefly mentioned in the Fall Protection Standard, was removed from the Fall Protection Standard's appendix twelve years prior to plaintiff's accident.  *Id.*

The Court agrees with GP LLC.  None of these documents appear reasonably calculated to lead to admissible evidence.  It is also unclear how these documents would show the extent of GP LLC's control over the Halsey Mill or show the capacity in which GP LLC operates.  Any connection between these documents and this case is too attenuated to justify compulsion.

**B.    Incident Database Search Results**

Plaintiff's second request is for entries in GP LLC's "Trax system, 2015 to present, involving failure of a handrail, guardrail, speedrail, or stair railing at any GP facility."  Pl. Mot. 6.  Plaintiff argues that he has narrowed this request to information necessary to show notice, knowledge, and willfulness, and that this information will further reveal the extent of GP LLC's actual and retained control.  *See id.*; *see also* Decl. of Joe Piucci, ECF 24, ¶ 9.  In response, GP LLC argues that it has already produced Trax reports for every incident involving a railing failure at the Halsey Mill from 2013 to present, and that "railing incidents at other mills have no bearing on whether GP LLC controlled the specific instrumentality" at issue

4

in this case.  GP LLC Resp. 6.  Although GP LLC concedes that information on other incidents may be relevant to the questions of notice and awareness, it argues that those questions are already answered by the Halsey Mill reports previously produced.  *See id.* at 7.

Railing incident reports from other GP facilities may help elucidate GP LLC's level of knowledge and degree of notice.  While it is true that some of GP LLC's previous productions may also show knowledge and notice, plaintiff's request here is neither duplicative nor overreaching.  And GP LLC does not show that this search would be unduly burdensome or even particularly difficult to complete.  Plaintiff requests a narrow band of incident reports related only to railing failures—that request is both relevant and proportional to the needs of the case.  Accordingly, plaintiff's motion is granted as to the incident reports.

C.      **Executives, Officers, and Employees**

Plaintiff's third request is for the identities of "all GP LLC executives, officers, and employees with responsibility for oversight of safety programs at the Halsey Mill."  Pl. Mot. 7.  In response to plaintiff's interrogatory on this issue, GP LLC responded, "None.  GP has delegated responsibility for safety programs at the Halsey Mill to [GP Consumer Products], which is Plaintiff's employer at the time of the incident."  GP LLC Resp. 7 (citation omitted).  GP LLC also provided that it had "produced standards . . . that are to be used by [GP Consumer Products] locations for the locations to establish safety programs" and that "Halsey Mill, through its own safety team and maintenance team, ensure the safety of workers like Plaintiff."  *Id.* (citation omitted).  In its briefing, GP LLC reiterates that "[t]here is no individual, officer, or employee of GP LLC who is tasked with responsibility of oversight of safety programs at the Halsey Mill."  *Id.* at 7-8 (quotation marks omitted).

It is obvious why plaintiff wants the information at issue in this request—the names of GP LLC's responsible employees are clearly relevant to plaintiff's claims and important for plaintiff's summary judgment response.  Were GP LLC merely refusing to provide this information, plaintiff's request would easily be granted.  However, GP LLC is not refusing to provide this information; GP LLC has provided in its interrogatory response that such individuals do not exist.  Compelling production of this information would not change GP LLC's answer.  Plaintiff argues that GP LLC's answer must be false because GP

LLC distributes safety standards, but creating and distributing safety standards is not the same thing as bearing responsibility for safety oversight. Plaintiff's request is therefore denied.

### D.     Privilege Log

Plaintiff's fourth and final request is for a privilege log. Plaintiff argues that GP LLC asserted attorney-client privilege or work product protection in response to twenty-eight of plaintiff's thirty-four requests for production but did not provide a privilege log corresponding with any of these assertions. Pl. Mot. 7. GP LLC responds that no log is required because all of the withheld documents are post-filing communications between counsel and its clients regarding the substance of this case. *See* GP LLC Resp. 8 (citing *In re Kia Hyundai Vehicle Theft Litig.*, No. 8:22-ml-03052-JVS (KESX), 2025 WL 2639185, at *4 (C.D. Cal. June 5, 2025)). GP LLC is correct: "'[c]ourts in this circuit routinely deny a motion to compel a privilege log of attorney-client communications or work product dated after commencement of litigation.'" *Eisele v. Home Depot U.S.A., Inc.*, No. 3:20-cv-1740-HZ, 2025 WL 4708745, at *4 (D. Or. Aug. 29, 2025) (quoting *Colibri Heart Valve LLC v. Medtronic CoreValve LLC*, No. 8:20-cv-00847-DOC-JDEX, 2021 WL 6882375, at *3 (C.D. Cal. Dec. 6, 2021) and collecting cases). Plaintiff does not dispute that the documents at issue were created after plaintiff filed his complaint. Nor does plaintiff dispute that the documents at issue contain communications between GP LLC and its counsel that pertain to this very litigation. Plaintiff's request is therefore denied.

//

//

//

//

//

//

//

//

//

6

## CONCLUSION

For the reasons stated herein, plaintiff's motion to compel is GRANTED as to Trax entries from 2015 to present involving failure of a handrail, guardrail, speedrail, or stair railing at any GP facility. Plaintiff's motion to compel is DENIED in all other respects.

IT IS SO ORDERED.

DATED this 2nd day of June, 2026.

_____
Adrienne Nelson
United States District Judge